UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA A.,[1] <br>     Plaintiff <br><br> v. <br><br> KILOLO KIJAKAJI, Acting Commissioner of Social Security, <br><br>     Defendant. | Case No. 2:20-cv-11376-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.  PROCEDURAL HISTORY

Plaintiff Ana A. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkt. 16 ("Pl. Br."), Dkt. 22 ("Def. Br."), and Dkt. 23 ("Reply")] addressing disputed issues in the case.  The matter is now ready for decision.  For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1]  In the interest of privacy, this Order uses only Plaintiff's first name and initial of her last name.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On June 19, 2018, Plaintiff filed an application for DIB alleging disability beginning December 23, 2016. [Dkt. 15, Administrative Record ("AR") 18, 186-92.] Plaintiff's application was denied at the initial level of review. [AR 89-93.] Plaintiff testified with the assistance of a Spanish interpreter at a video hearing before Administrative Law Judge Michael Mannes ("the ALJ") on February 12, 2020. [AR 33-77.]

On April 7, 2020, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 18-28]; *see* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date through her date last insured of June 30, 2018. [AR 20.] At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis in the knee with meniscal tear, and degenerative joint disease in the right wrist. [AR 20.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 21]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b)), but is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, occasional stooping, kneeling, crouching and crawling, occasional reaching overhead bilaterally, frequent balancing, and frequent handling and fingering with the right upper extremity. [AR 21.] At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. [AR 26.] Considering Plaintiff's age, education, work experience, and RFC, the ALJ found at step five that Plaintiff could have performed other work, including representative occupations such as inspector and hand packager, power screwdriver operator, and small product assembler. [AR 26-

27.] Based on these findings, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date last insured. [AR 27.]

The Appeals Council denied review of the ALJ's decision on October 20, 2020. [AR 1-8.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The final decision of the Commissioner arose from an unconstitutional administrative process. [Pl. Br. at 5-9.]
2. The ALJ failed to properly evaluate the medical evidence in assessing Plaintiff's RFC. [Pl. Br. at 9-10.]
3. The ALJ failed to properly evaluate Plaintiff's subjective complaints. [Pl. Br. at 10-12.]

The Commissioner asserts that the ALJ's decision should be affirmed or, in the alternative, remanded for further administrative proceedings. [Def. Br. at 3-25.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). However, the Court may review only the reasons

stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Plaintiff contends the ALJ improperly rejected the medical opinion evidence from her workers' compensation doctors in assessing her RFC. [Pl. Br. 9-10; Reply at 10-11.] Specifically, Plaintiff asserts that the ALJ failed to properly consider the opinion of the agreed medical examiner in orthopedics, Dr. Chester Hasday. Dr. Hasday examined Plaintiff on August 13, 2018, and assessed work restrictions, which included lifting no more than 15 pounds, no repetitive flexion, extension, or rotation of the head or neck, and no repetitive bending. [AR 458.] Dr. Hasday opined that Plaintiff was temporarily totally disabled from January 2017 through the date of the examination. [AR 458.]

Because Plaintiff filed her application after March 27, 2017, revised regulations regarding the evaluation of medical source opinions apply to her claim. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416)). Under the new regulations, special deference is no longer given to the opinions of treating and examining physicians on account of their relationship with a claimant and an ALJ's "decision to discredit any medical opinion[] must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("the requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such

opinions, is [ ] incompatible with the revised regulations") (citation omitted); 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from [a claimant's] medical sources."). "Supportability" and "consistency" are the most important factors to be considered when evaluating the persuasiveness of medical opinions and, therefore, the ALJ is required to explain how both factors were considered. *See* 20 C.F.R. § 404.1520c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant … objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent … with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

The ALJ disregarded the opinions of Dr. Hasday and Plaintiff's workers' compensation doctors generally, as follows:

> The record contained several medical opinions; however, these opinions were prepared in the context of the claimant's workers' compensation claim and where the claimant is "disabled" is a determination reserved to the commissioner.

[AR 26.] The ALJ's rejection of Dr. Hasday's opinion is not supported by substantial evidence.

While a workers' compensation physician's opinion of temporary total disability is not binding in a social security case (20 C.F.R. § 404.1504), "an ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings." *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."). In addition to finding Plaintiff temporarily totally disabled,

Dr. Hasday also assessed specific work restrictions which could be applicable in Plaintiff's social security case. [AR 458.] The ALJ erred by failing to explain why the work restrictions assessed by Dr. Hasday were rejected. *See Woods*, 32 F.4th at 792 ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). Although Defendant offers additional reasons in support of the ALJ's decision and various record citations, the Court is "constrained to review the reasons the ALJ asserts" and cannot affirm on the basis of evidence the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Moreover, the ALJ failed entirely to explain whether or how he considered the supportability and consistency factors with regards to Dr. Hasday's opinion. *See Woods*, 32 F.4th at 792 ("The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)."). Thus, the ALJ's decision to discredit Dr. Hasday's opinion is not supported by substantial evidence.

## V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"). But "[w]here '(1) the record has been fully developed and further administrative proceedings would serve no useful

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,'" it is appropriate to exercise this discretion to direct an immediate award of benefits. *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison*, 759 F.3d at 1020).

Here, remand is required because the ALJ failed to properly evaluate Dr. Hasday's opinion and there are outstanding issues that must be resolved before a final determination can be made.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.")

## VI   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: August 12, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE